**1115 BECK ET AL. vs. BOARD OF ELECTION COMMISSIONERS**
(Wayne), No. 14447½, 103 M., 192.

To compel respondent to rescind its action in placing the name of a certain candidate, for State Senator, on the official ballot, and to place the name of another thereon.

Denied October 24, 1894. Opinion filed December 18, 1894.

Pending the organization of the convention, six of the delegates, including one Murphy, retired, rented a hall, organized a separate convention and nominated a candidate, the substitution of whose name upon the ticket was demanded. Six remained, organized a convention and nominated the candidate whose name was placed on the official ballot. Prior to the split in the convention, and pending the election of a temporary chairman, an objection was made to counting the vote of one who claimed to hold a proxy. The chairman of the senatorial committee of the district, who called the convention to order, examined the proxy, ruled that the same was regular on its face and that the holder was entitled to vote until such time as the convention determined otherwise. After other ballots had been had, on the question of the selection of a temporary chairman, objection was made to the vote of Murphy, on the ground that the vote at the caucus in the ward, which Murphy claimed to represent, was a tie, and thereupon the matter was determined between the contestants by lot. Finally the Chair announced that as the convention was at a deadlock he should appoint a committee on credentials, which was done. Six delegates, including Murphy, retired and organized a separate convention. After recess the first named convention re-assembled and the committee on credentials reported eleven delegates as entitled to seats and that Murphy was not entitled to sit. Six delegates so reported responded. A temporary chairman and secretary were elected but were afterwards made permanent officers, and the candidate whose name was placed upon the official ballot was nominated.

Held, that the convention first assembling was regularly called; that the determination that Murphy was not entitled to a seat is fully sustained by authority; that in the case of a tie vote there is no election, and in the absence of statutory authority neither election officers or candidate have the power to determine the result by lot; and that the allegation of the petition that the delegate, whose proxy was presented, was absent from the State at the time said caucus at which he was elected was held, and that the proxy was irregular and void, is wholly insufficient upon which to base a finding that the committee on creden-

tials erred in determining that the holder of the proxy was entitled to a seat in the convention.